UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES AUSTIN and SUZANNE AUSTIN,
Individually and as Husband and Wife, MERLE E.
BARNES and JEANNETTE M. BARNES,
Individually and as Husband and Wife, RONALD
BARNHART and BONNIE BARNHART,
Individually and as Husband and Wife, RONELL
B. BE'ANS, Individually, HOWARD
BELLINGER and WANDA E. BELLINGER,
Individually and as Husband and Wife, KENNETH
S. BIALYNSKI and ROSEMARIE BIALYNSKI,
Individually and as Husband and Wife, ROBERT
BOAST, Individually, FREDDIE BOYD,
Individually, PHILIP BRADNEY and PATRICIA
BRADNEY, Individually and as Husband and
Wife, CHARLES BRANNAN and CLAIRE
BRANNAN, Individually and as Husband and
Wife, GEORGE R. BREAN and JULIE BREAN,
Individually and as Husband and Wife, DAVID
BROOKS and BETTY BROOKS, Individually and
as Husband and Wife, JACK BUDREAU and
BARBARA A. BUDREAU, Individually and as
Husband and Wife, NORMAN L. CAMPBELL,
Individually, DAVID CASE and ELAINE CASE,
Individually and as Husband and Wife, LYNN
CASE and SALLY CASE, Individually and as
Husband and Wife, ALEXANDER CHERKIS,
Individually, JOHN COOPER, Individually,
ROBERT CRITES and JANET CRITES,
Individually and as Husband and Wife,
FREDERICK CROGAN, Individually, JERRY
CUMMINGS, Individually, ROBERT CURTIN,
Individually, WALTER DAYTON and ANNA
DAYTON, Individually and as Husband and Wife,
DANIEL R. DODGE and MARY DODGE,
Individually and as Husband and Wife, HAROLD
E. DODSON, Individually, DONALD DOWELL
and VERONICA DOWELL, Individually and as
Husband and Wife, LEE DURANT and
MARLENE DURANT, Individually and as

Court File No.: _06-924 MJD/AJB_

**ANSWER OF DEFENDANT
MERCK & CO. INC.**


SCANNED
FEB 28 2006
U.S. DISTRICT COURT M___

DN: 278360

Husband and Wife, JAMES FACTEAU,
Individually, RON FISHER and MARY F.
FISHER, Individually and as Husband and Wife,
JAMES L. FITCH and MARY FITCH,
Individually and as Husband and Wife, MARTIN
FRENCH, Individually, ROBERT FRENCH and
MARGARET FRENCH, Individually and as
Husband and Wife, ROBERT GALIDA,
Individually, DAVID H. GATGENS and JANICE
GATGENS, Individually and as Husband and
Wife, MICHAEL GEARY, Individually, ARNIE
R. GESLIN and SUZANNE GESLIN, Individually
and as Husband and Wife, ALBERT GIBEAULT
and SARINA GIBEAULT, Individually and as
Husband and Wife, DONALD GOBLE and
EMILY GOBLE, Individually and as Husband and
Wife, HARMON RAY GOLDBERG, Individually,
KENT GREENFIELD and CONIE L.
GREENFIELD, Individually and as Husband and
Wife, WILLIE J. GRIGGS, Individually, ROBERT
GUGLIZZA, Individually, CHAKRADHAR
GUHA and JAYARSEE GUHA, Individually and
as Husband and Wife, BILL HANSEN,
Individually, WILLIAM HARDY, Individually,
MICHAEL HATEM and PATTIE HATEM,
Individually and as Husband and Wife, CHARLES
L. HEBNER, Individually, LYLE HICKS,
Individually, WILLIE HOLMES, SR. and
MARGARET HOLMES, Individually and as
Husband and Wife, BENNIE HOUSTON,
Individually, JOHN HOWES and GAIL HOWES,
Individually and as Husband and Wife, JERRY
HUNT and CHARLOTTE HUNT, Individually and
as Husband and Wife, SALVATORE INGLIMA
and MARIA INGLIMA, Individually and as
Husband and Wife, SEMEN IZRAILOV,
Individually, FRANK JENKINS, Individually,
HAROLD JEWETT and LINDA JEWETT,
Individually and as Husband and Wife, BRUCE
JOHNSON and SHARON JOHNSON,
Individually and as Husband and Wife, RAY D.
JOHNSON and JUDITH E. JOHNSON,
Individually and as Husband and Wife, ROBERT

2

W. JONES and CHARLOTTE JONES,
Individually and as Husband and Wife, ROY L.
JONES, Individually, WILLIAM KEENAN,
Individually, BERNARD KREITZBERG and
TERESA KREITZBERG, Individually and as
Husband and Wife, WILLIAM P. LANCER and
MARGARET C. LANCER, Individually and as
Husband and Wife, GARY LATIES and JODY
LATIES, Individually and as Husband and Wife,
JOSEPH LECZEL, Individually DENNIS
LITZINGER and JOANNE LITZINGER,
Individually and as Husband and Wife, LUCIAN
C. LODESTRO and LAURENE LODESTRO,
Individually and as Husband and Wife, JOSEPH
MARSALA and ANNA MARSALA, Individually
and as Husband and Wife, RONALD
MARSHALL, Individually, FRANCISCO
MARTINEZ and ISABEL MARTINEZ,
Individually and as Husband and Wife, PATRICK
MILLIGAN and GAIL MILLIGAN, Individually
and as Husband and Wife, CHARLES T. MOORE
and EUGENIA P. MOORE, Individually and as
Husband and Wife, ALFRED MOSACK,
Individually, EARL M. MOSHER and FRANCES
A. MOSHER, Individually and as Husband and
Wife, JOHN NEWMAN and VIRGINIA
NEWMAN, Individually and as Husband and Wife,
CHARLES NICASTRO and APRIL NICASTRO,
Individually and as Husband and Wife, GUY
NORMAN and BONNIE J. NORMAN,
Individually and as Husband and Wife, PATRICK
O'DONNELL and SHARON O'DONNELL,
Individually and as Husband and Wife,
MAYNARD OLIN and DEBORAH A. OLIN,
Individually and as Husband and Wife, STEPHEN
OPETT and RITA M. OPETT, Individually and as
Husband and Wife, EFRAIN G. ORTIZ AND
CYNTHIA SZACH, Individually and as Husband
and Wife, LAWRENCE E. PARKHURST AND
BEVERLY J. PARKHURST, Individually and as
Husband and Wife, MARSHALL PATRICK and
MILLICENT PATRICK, Individually and as
Husband and Wife, DRAGUTIN PAVLOVIC and

BOSA PAVLOVIC, Individually and as Husband
and Wife, RICHARD PICKARD, Individually,
SAMUEL K. QUARTEY, Individually, JACK
QUINN and CATHERINE QUINN, Individually
and as Husband and Wife, DONALD
RASMUSSEN and DEANN RASMUSSEN,
Individually and as Husband and Wife, TOM
REYNOLDS, Individually, RONALD RIPPETH
and LOU ANN RIPPETH, Individually and as
Husband and Wife, IQBAL RIZVI and SIRAJ A.
RIZVI, Individually and as Husband and Wife,
ROBERT J. ROBEY, Individually, JOHN W.
ROCHFORD, Individually, ROBERT
ROSAMINO, Individually, SHERWOOD A.
RUSSELL and SANDRA K. RUSSELL,
Individually and as Husband and Wife, NORMAN
W. SAVAGE and PATRICIA SAVAGE,
Individually and as Husband and Wife, LOUIS
SCHIMENTI, Individually, SALVATORE
SCIORTINO, Individually, JULIUS SCURRY,
Individually, DEAN L. SIMPSON, Individually,
JAMES SMITH and BETTY J. SMITH,
Individually and as Husband and Wife, MARVIN
SMITH and SIVI SMITH, Individually and as
Husband and Wife, JOHN R. SOLTIS and
GLORIA M. SOLTIS, Individually and as Husband
and Wife, ROCCO STAGNITTO, Individually,
ROBERT STEWART and CLAIRE STEWART,
Individually and as Husband and Wife, ROBERT
STOWELL, Individually, RUSSELL F. TACK and
JUNE TACK, Individually and as Husband and
Wife, ROSCOE H. TAYLOR, Individually,
WILLIAM L. TAYLOR and JOY K. TAYLOR,
Individually and as Husband and Wife, ANDRE
TELEMARQUE and MARIE M. TELEMARQUE,
Individually and as Husband and Wife, EDWIN E.
TELLIER, Individually, JOSEPH V. THOMAS
and TERESA A. THOMAS, Individually and as
Husband and Wife, SAMUEL H. TUBAUGH, JR.,
Individually, BRUCE UNSON, Individually, DAN
WAGNER, Individually, HENRY D. WHITE and
SHARON D. WHITE, Individually and as Husband
and Wife, ARDEN WILSON and CAROL

WILSON, Individually and as Husband and Wife,
RICHARD WOLFGANG, Individually, JAMES H.
WRIGHT and JOSEPHINE M. WRIGHT,
Individually and as Husband and Wife, FRANK D.
WRIGHTMAN, Individually, STEPHEN ZWEIG,
Individually,

Plaintiffs,

v.

MERCK & CO., INC., MERCK FROSST
CANADA, LTD., and DOES 1 – 100

Defendants.

COMES NOW Defendant Merck & Co., Inc. ("Merck"), by and through its

undersigned counsel, and presents the following Answer and Defenses to Plaintiffs'

Complaint as follows:

**RESPONSE TO "JURISDICTION AND VENUE"**

1.      The allegations set forth in paragraph 1 of the Complaint are legal

conclusions as to which no responsive pleading is required.  Should a response be

deemed required, Merck admits that Plaintiffs state that their claims "exceed $75,000"

but avers that there is no legal or factual basis for any of the relief sought.

2.      Denies each and every allegation set forth in paragraph 2 of the Complaint,

except admits that Merck is a New Jersey corporation with its principal place of business

at One Merck Drive, P.O. Box 100, Whitehouse Station, New Jersey.  Merck further

admits that Merck is a leading research-driven pharmaceutical products and services

company that researches, discovers, develops, manufactures and markets a broad range of

innovative pharmaceutical products to improve human health.  Merck further admits that

Merck manufactured, marketed, and distributed the prescription medicine Vioxx®, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

3.      Merck denies each and every allegation set forth in paragraph 3 of the Complaint, except admits that Merck Frosst Canada Ltd., a company organized under law in Canada, with its principal place of business located at 16711 Trans Canada Highway, Kirkland, Quebec, H9H3L1, marketed, distributed and sold the prescription medicine Vioxx in Canada.

4.      The allegations set forth in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck admits the allegations in subsections (1) and (2) but denies the allegations in subsection (3).

## **RESPONSE TO "PARTIES"**

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the paragraph 5 of the Complaint.

6.      Denies each and every allegation directed at Merck set forth in paragraph 6 of the Complaint. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph. Merck admits that the unknown citizenship of Doe Defendants does not defeat an assertion of diversity jurisdiction.

7.      The allegations set forth in paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

## RESPONSE TO "SUBSTANTIVE ALLEGATIONS"

## RESPONSE TO "A BRIEF SYNOPSIS OF VIOXX: USES AND VALUE TO DEFENDANTS"

8.     The allegations set forth in paragraph 8 of the Complaint are not directed at

Merck and therefore no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation set forth in paragraph 8 of the

Complaint, except admits the class of medicines known as non-steroidal anti-

inflammatory medicines ("NSAIDs"), which includes aspirin, ibuprofen and naproxen, is

used to treat pain and inflammation, and that the cyclooxygenase-2 (COX-2) inhibitor

subclass of NSAIDs was introduced to the market in 1998.  Merck further admits, on

information and belief, that approximately 100,000 patients are hospitalized, and 16,500

die every year in the United States as a result of NSAID-associated gastrointestinal (GI)

events.

9.     The allegations set forth in paragraph 9 of the Complaint are not directed at

Merck and therefore no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation set forth in paragraph 9 of the

Complaint except admits that the inhibition of cyclooxygenase 1 (COX-1) in patients

taking traditional non-selection NSAIDs such as naproxen is believed to be associated

with gastric damage and increased bleeding among patients taking such traditional non-

selective NSAIDs.

10.     Denies each and every allegation set forth in paragraph 10 of the Complaint

except admits that Vioxx is the brand name for Rofecoxib, that Vioxx is part of a class of

medications known as NSAIDs and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2, and that the inhibition of COX-1 in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

11.     Denies each and every allegation set forth in paragraph 11 of the Complaint except admits that Merck marketed the prescription medicine Vioxx in a manner consistent with the approved product label as required by FDA rules and regulations.

12.     Denies each and every allegation set forth in paragraph 12 of the Complaint.

13.     Denies each and every allegation set forth in paragraph 13 of the Complaint except admits that alternative therapies for treatment of osteoarthritis, pain, and rheumatoid arthritis exist.  Merck further admits that the article referenced in the third sentence of paragraph 13 of the Complaint exists and respectfully refers the Court to the referenced article for its actual language and full text.

14.     Denies each and every allegation set forth in paragraph 14 of the Complaint except admits the referenced report exists and respectfully refers that Court to that report for its actual language and full text.

15.     Denies each and every allegation set forth in paragraph 15 of the Complaint except admits the referenced article exists and respectfully refers that Court to that report for its actual language and full text.

16.     Denies each and every allegation set forth in paragraph 16 of the Complaint including subparagraphs a-e of said paragraphs, except admits that Vioxx sales figures exceeded $2 billion in the years 2000, 2001, 2002 and 2003, and that worldwide sales of Vioxx for the first six months of 2004 were $1.3 billion.

17.     Denies each and every allegation set forth in paragraph 17 of the Complaint.

## RESPONSE TO "DEFENDANTS' INITIAL FRAUDULENT MARKETING SCHEME"

18.     Denies each and every allegation set forth in paragraph 18 of the Complaint except admits that on November 23, 1998, Merck submitted a New Drug Application (NDA) for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

19.     Denies each and every allegation set forth in paragraph 19 of the Complaint except admits that on November 23, 1998, Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

20.     Denies each and every allegation set forth in paragraph 20 of the Complaint except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its indicated uses and full text.

21.     Denies each and every allegation set forth in paragraph 21 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.  Merck further admits that alternative therapies for treatment of osteoarthritis, pain, and rheumatoid arthritis exist and that Vioxx is the brand name for rofecoxib.

22.     Denies each and every allegation set forth in paragraph 22 of the Complaint except admits that Merck marketed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information and that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.

23.     Denies each and every allegation set forth in paragraph 23 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

24.     Denies each and every allegation set forth in paragraph 24 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

25.     Denies each and every allegation set forth in paragraph 25 of the Complaint except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

26.     Denies each and every allegation set forth in paragraph 26 of the Complaint, except admits that the referenced article, memorandum and study exist and

respectfully refers the Court to the referenced documents for their actual language and full text.

27.     Denies each and every allegation set forth in paragraph 27 of the Complaint except admits that Plaintiffs purport to quote certain emails, but Merck avers that said quoted language is taken out of context.

28.     Denies each and every allegation set forth in paragraph 28 of the Complaint except admits that the referenced press release exists and respectfully refers the Court to that press release for its actual language and full text.

29.     Denies each and every allegation set forth in paragraph 29 of the Petition, except admits that the referenced broadcast exists and that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to the transcript of the referenced broadcast and the referenced studies for their actual language and full context.

30.     Denies each and every allegation set forth in paragraph 30 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

31.     Denies each and every allegation set forth in paragraph 31 of the Complaint except admits that plaintiffs purport to quote several statements, but avers that said statements are taken out of context.

32.     Denies each and every allegation set forth in paragraph 32 of the Complaint.

33.     The allegations set forth in paragraph 33 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph except admits that plaintiffs purport to quote from various FDA regulations and respectfully refers the Court to said regulations for their actual language and full text.

34.     Denies each and every allegation set forth in paragraph 34 of the Complaint.

35.     Denies each and every allegation set forth in paragraph 35 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

36.     Denies each and every allegation set forth in paragraph 36 of the Complaint.

37.     Denies each and every allegation set forth in paragraph 37 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

38.     Denies each and every allegation set forth in paragraph 38 of the Complaint.

39.     Denies each and every allegation set forth in paragraph 39 of the Complaint except admits that Merck received a letter from Spencer Salis of the FDA's Division of Drug Marketing and Communications ("DDMAC") dated December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

12

40.     Denies each and every allegation set forth in paragraph 40 of the Complaint except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

41.     Denies each and every allegation set forth in paragraph 41 of the Complaint except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, from which Plaintiffs purport to quote and respectfully refers the Court to the referenced letter for its actual language and full text.

42.     Denies each and every allegation set forth in paragraph 42 of the Complaint except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, from which Plaintiffs purport to quote and respectfully refers the Court to the referenced letter for its actual language and full text.

43.     Denies each and every allegation set forth in paragraph 43 of the Complaint except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, from which Plaintiffs purport to quote and respectfully refers the Court to the referenced letter for its actual language and full text.

44.     Denies each and every allegation set forth in the first sentence of paragraph 44 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text.   Denies each and every allegation set forth in the second sentence of paragraph 44 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and

respectfully refers the Court to the referenced study for its actual conclusions and full text.

45.     Denies each and every allegation set forth in paragraph 45 of the Complaint except admits that the article referenced in sentence two of paragraph 45 exists and respectfully refers the Court to said article for its actual language and full text. Merck further avers that prior to the VIGOR trial, Merck had put in place a cardiovascular standard operating procedure consisting of three external panels of experts, the purpose of which was to adjudicate investigator reported cardiovascular adverse events from clinical trials of Vioxx.

46.     Denies each and every allegation set forth in the first sentence of paragraph 46 of the Complaint. Merck denies each and every allegation set forth in the second sentence of paragraph 46 of the Complaint except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen. Merck respectfully refers the Court to the referenced study for its actual language and full text. Merck denies the allegations set forth in the third sentence paragraph 46 of the Complaint, except admits the referenced email exists and respectfully refers the Court to the referenced email for its actual language and full text.

47.     Denies each and every allegation set forth in paragraph 47 of the Complaint including subparagraphs (a)-(c) except admits that Vioxx is a selective NSAID and that the inhibition of COX-1 in patients taking traditional non-selective NSAIDs such as

naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

48.     Denies each and every allegation set forth in paragraph 48 of the Complaint except admits that Plaintiffs purport to quote portions of statements but avers that said statements are taken out of context.

49.     Denies each and every allegation set forth in paragraph 49 of the Complaint except admits that Plaintiffs purport to quote certain from a videotaped deposition, and respectfully refers the Court to the referenced deposition for its actual language and full context.

50.     Denies each and every allegation set forth in 50 of the Complaint, except admits that the referenced broadcast exists and that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to the transcript of the referenced broadcast and the referenced studies for their actual language and full text.

51.     Denies each and every allegation set forth in paragraph 51 of the Complaint, except Merck admits the referenced press release exists and that plaintiffs purport to quote from that press release and respectfully refers the Court to the referenced press release for its actual language and full text.

52.     Denies each and every allegation set forth in the first sentence of paragraph 52 of the Complaint. Denies each and every allegation set forth in the second and third sentences of paragraph 52 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

53.     Denies each and every allegation set forth in Paragraph 53 of the Complaint, and avers that the document referenced in the fourth sentence of said paragraph is subject to the attorney/ client privilege.

54.     Denies each and every allegation set forth in paragraph 54 of the Complaint except admits that the training materials referenced exist and respectfully refers the Court to said training materials for their actual language and full text.

55.     Denies each and every allegation set forth in paragraph 55 of the Complaint, except admits that Merck employs professional representatives and that the referenced complaint exists but denies the referenced allegations set forth therein.

56.     Denies each and every allegation set forth in paragraph 56 of the Complaint, except admits that the referenced complaint exists but denies the referenced allegations set forth therein.

57.     Denies each and every allegation set forth in paragraph 57 of the Complaint, except admits the referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text.

58.     Denies each and every allegation set forth in paragraph 58 of the Complaint except admits that referenced briefing document exists and respectfully refers the Court to said document of its actual language and full text.

59.     Denies each and every allegation set forth in paragraph 59 of the Complaint except admits the existence of the referenced memorandum from February 1, 2001, and respectfully refers the Court to said memorandum for its actual language and full text.

60.     Denies each and every allegation set forth in paragraph 60 of the Complaint.

61.     Denies each and every allegation set forth in paragraph 61 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

62.     Denies each and every allegation set forth in the first sentence of paragraph 62 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.  Denies each and every allegation set forth in the second sentence of paragraph 62 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

63.     Denies each and every allegation set forth in paragraph 63 of the Complaint except admits that the referenced article and study exist and respectfully refers the Court to said article and study for their actual language and full text.

64.     Denies each and every allegation set forth in paragraph 64 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

65.     Denies each and every allegation set forth in paragraph 65 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

66.     Denies each and every allegation set forth in paragraph 66 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

67.     Denies each and every allegation set forth in paragraph 67 of the Complaint except admits that the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

68.     Denies each and every allegation set forth in paragraph 68 of the Complaint.

69.     Denies each and every allegation set forth in paragraph 69 of the Complaint except admits that Merck employs professional representatives and that the referenced document exist but states that the quotes are taken out of context and respectfully refers the Court to said document for its actual language and full text.

70.     Denies each and every allegation set forth in paragraph 70 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said document for its actual language and full text.

71.     Denies each and every allegation set forth in paragraph 71 of the Complaint except admits that Merck employs professional representatives and that the referenced incentive plan exists and respectfully refers the Court to the referenced document for its actual language and full text.

72.     Denies each and every allegation set forth in paragraph 72 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams

of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

73.     Denies each and every allegation set forth in paragraph 73 of the Complaint except admits that plaintiffs purport to quote from the referenced email, but states that said quotation is taken out of context.

74.     Denies each and every allegation set forth in paragraph 74 of the Complaint except admits that the studies referenced in the first sentence of paragraph 74 and the article referenced in the second sentence of paragraph 74 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

75.     Denies each and every allegation set forth in paragraph 75 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to this publication for its actual language and full text. Merck further admits Dr. Claire Bombardier was an author on the referenced publication and co-chair of the steering committee for the VIGOR trial.

76.     Denies each and every allegation set forth in paragraph 76 of the Complaint and respectfully refers the Court to the referenced article for its actual language and full text.

77.     Denies each and every allegation set forth in paragraph 77 of the Complaint, except admits that worldwide sales of Vioxx exceeded $2 billion in the year 2000.

78.     Denies each and every allegation set forth in paragraph 78 of the Complaint except admits that referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text.

79.     Denies each and every allegation set forth in paragraph 79 of the Complaint and respectfully refers the Court to the referenced FDA report for its actual language and full text.

80.     Denies each and every allegation set forth in paragraph 80 of the Complaint.

81.     Denies each and every allegation set forth in paragraph 81 of the Complaint except admits that the referenced marketing campaign existed.

82.     Denies each and every allegation set forth in paragraph 82 of the Complaint except admits that the referenced article and press release exist and respectfully refers the Court to said documents for their actual language and full text.

83.     Denies each and every allegation set forth in paragraph 83 of the Complaint, except admits the referenced bulletin exists, and respectfully refers the Court to said bulletin for its actual language and full text.

84.     Denies each and every allegation set forth in paragraph 84 of the Complaint except admits the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

85.     Denies each and every allegation set forth in paragraph 85 of the Complaint except admits the referenced press releases exist and respectfully refers the Court to said press releases for their actual language and full text.

86.     Denies each and every allegation set forth in paragraph 86 of the Complaint except admits that in September 2001 Merck received a letter form Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

87.     Denies each and every allegation set forth in paragraph 87 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

88.     Denies each and every allegation set forth in paragraph 88 of the Complaint except admits the referenced journal and article contained therein exist and respectfully refers the Court to said article for its actual language and full text.

89.     Denies each and every allegation set forth in paragraph 89 of the Complaint except admits the referenced journals and articles contained therein exist and respectfully refers the Court to said articles for their actual language and full text.

90.     Denies each and every allegation set forth in paragraph 90 of the Complaint except admits the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

91.     Denies each and every allegation set forth in paragraph 91 of the Complaint except admits the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

92.     Denies each and every allegation set forth in paragraph 92 of the Complaint except admits the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

93.     Denies each and every allegation set forth in paragraph 93 of the Complaint except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

94.     Denies each and every allegation set forth in paragraph 94 of the Complaint except admits that Merck sent a letter regarding Vioxx to physicians in August 2001 and respectfully refers the Court to that letter for its actual language and full text.

95.     Denies each and every allegation set forth in paragraph 95 of the Complaint.

96.     Denies each and every allegation set forth in paragraph 96 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

97.     Denies each and every allegation set forth in paragraph 97 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC, from which plaintiffs purport to quote, and respectfully refers the Court to that letter for its actual language and full text.

98.     Denies each and every allegation set forth in paragraph 98 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams

of DDMAC, from which plaintiffs purport to quote, and respectfully refers the Court to that letter for its actual language and full text.

99.     Denies each and every allegation set forth in paragraph 99 of the Complaint except admits that Merck employs professional representatives, and that the referenced marketing campaign exists, and respectfully refers the Court to the relevant marketing materials for their actual language and full text.

100.     Denies each and every allegation set forth in paragraph 100 of the Complaint except admits that plaintiffs purport to quote the referenced document but states that said quotations are taken out of context.

101.     Denies each and every allegation set forth in paragraph 101 of the Complaint except admits that Merck trains its professional representatives.

102.     Denies each and every allegation set forth in paragraph 102 of the Complaint except admits that Merck trains its professional representatives.

103.     Denies each and every allegation set forth in paragraph 103 of the Complaint except admits the existence of the referenced journal and article contained therein, and respectfully refers the Court to the referenced article for its actual language and full text.

104.     Denies each and every allegation set forth in paragraph 104 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC, from which plaintiffs purport to quote, and respectfully refers the Court to that letter for its actual language and full text.

105.   Denies each and every allegation set forth in paragraph 105 of the Complaint except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

106.   Denies each and every allegation set forth in paragraph 106 of the Complaint except admits the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

107.   Denies each and every allegation set forth in paragraph 107 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet and respectfully refers the Court to the referenced prescribing information, letter and Patient Information sheet for their actual language and full text.

108.   Denies each and every allegation set forth in paragraph 108 of the Complaint and states that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

109.   Denies each and every allegation set forth in paragraph 109 of the Complaint except admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

110.   Denies each and every allegation set forth in paragraph 110 of the Complaint.

111.   Denies each and every allegation set forth in paragraph 111 of the Complaint and states that in April 2002 the FDA approved certain changes to the Vioxx

prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

112.   Denies each and every allegation set forth in paragraph 112 of the Complaint, except admits that Merck employs professional representatives.

113.   Denies each and every allegation set forth in paragraph 113 of the Complaint, except admits that Merck employs and trains professional representatives.

114.   Denies each and every allegation set forth in paragraph 114 of the Complaint, except admits that Merck trains its professional representatives.

115.   Denies each and every allegation set forth in paragraph 115 of the Complaint, except admits that Merck trains its professional representatives.

116.   Denies each and every allegation set forth in paragraph 116 of the Complaint.

117.   Denies each and every allegation set forth in paragraph 117 of the Complaint, except admits that Merck employs professional representatives.

118.   Denies each and every allegation set forth in paragraph 118 of the Complaint except admits that Merck trains its professional representatives.

119.   Denies each and every allegation set forth in paragraph 119 of the Complaint.

120.   Denies each and every allegation set forth in paragraph 120 of the Complaint and avers that the referenced action against Dr. Laporte and the Catalan Institute of Pharmacology was commenced by a Merck subsidiary, MERCK SHARP & DOHME DE ESPAÑA, S.A. (MSD).

121.   Denies each and every allegation set forth in paragraph 121 of the Complaint except admits that the referenced campaign existed.

122.   Denies each and every allegation set forth in paragraph 122 of the Complaint and to the extent plaintiffs purport to refer to Merck documents, Merck respectfully refers the Court to those documents for their actual language and full text.

123.   Denies each and every allegation set forth in paragraph 123 of the Complaint except admits that the referenced article exists and plaintiffs appear to be quoting from said article, and respectfully refers the Court to the referenced article for its actual language and full text.

124.   Denies each and every allegation set forth in paragraph 124 of the Complaint.

125.   Denies each and every allegation set forth in paragraph 125 of the Complaint except admits that the referenced article, from which plaintiffs purport to quote, exists and respectfully refers the Court to said article for its actual language and full text.

126.   Denies each and every allegation set forth in paragraph 126 of the Complaint except admits that plaintiffs purport to quote portions of certain statements and respectfully refers the Court to said statements for their actual language and full text.

127.   Denies each and every allegation set forth in paragraph 127 of the Complaint, except admits that Merck launched the "Teacher DTC" campaign in March 2004, which included information reflecting cardiovascular data contained in the FDA-

approved product label for Vioxx, and respectfully refers the Court to the referenced advertisements for their actual language and full text.

128.    Denies each and every allegation set forth in paragraph 128 of the Complaint.

129.    Denies each and every allegation set forth in paragraph 129 of the Complaint.

130.    Denies each and every allegation set forth in paragraph 130 of the Complaint.

131.    Denies each and every allegation set forth in paragraph 131 of the Complaint, except admits that the referenced presentation and study exists and respectfully refers the Court to said presentation and study for their actual language and full text.

132.    Denies each and every allegation set forth in paragraph 132 of the Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

133.    Denies each and every allegation set forth in paragraph 133 of the Complaint, excepts admits that on August 26, 2004, Merck issued a press release regarding the conclusion of a study presented at the 20th International Conference of Pharmacoepideminology and Therapeutic Risk Management and respectfully refers the Court to that press release for its actual language and full text.

134.   Denies each and every allegation set forth in paragraph 134 of the Complaint, except admits that on September 27, 2004, Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

135.   Denies each and every allegation set forth in paragraph 135 of the Complaint except states that, on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

136.   Denies each and every allegation set forth in paragraph 136 of the Complaint except admits that on September 28, 2004, Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

137.   Denies each and every allegation set forth in paragraph 137 of the Complaint except admits that on September 30, 2004, Merck issued a "Dear Healthcare Provider" letter and respectfully refers this Court to the referenced letter for its actual language and full text.

138.   Denies each every allegation set forth in paragraph 138 of the Complaint except admits the referenced broadcast exists and that plaintiffs purport to quote from same, and respectfully refers the Court to the transcript of said broadcast for its actual language and full text.

139.   The allegations set forth in paragraph 139 of the Complaint state legal conclusions, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in Paragraph 139, except admits that Plaintiffs purport to quote from certain of Merck's SEC filings and respectfully refers the Court to those filings for their actual language and full text.

140.   Denies each and every allegation set forth in paragraph 140 of the Complaint except admits that Plaintiffs purport to quote from certain of Merck's SEC filings and respectfully refers the Court to those filings for their actual language and full text.

141.   Denies each and every allegation set forth in paragraph 141 of the Complaint except admits that plaintiff refers to a Merck SEC filing and respectfully refers the Court to that filing for its actual language and full text.

142.   Denies each and every allegation set forth in paragraph 142 of the Complaint, except admits that William N. Kelley, M.D. is a Professor of Medicine, Biochemistry and Biophysics at the University of Pennsylvania School of Medicine, Samuel O. Thier, M.D. is a Professor of Medicine and Professor of Health Care Policy at Harvard Medical School, Thomas E. Shenk, Ph.D. is the Elkins Professor at Princeton University, and Edward M. Scolnick was President of Merck Research Laboratories and Executive Vice President of Science & Technology and that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 addressed to Raymond V. Gilmartin, and respectfully refers the Court to the referenced letter for its actual language and full text.

143.    Denies each and every allegation set forth in paragraph 143 of the Complaint except admits that Vioxx was prescribed to millions of patients and that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

144.    Denies each and every allegation set forth in paragraph 144 of the Complaint except admits that the referenced memorandum exits and respectfully refers the Court to said memorandum for its actual language and full text.

145.    Denies each and every allegation set forth in paragraph 145 of the Complaint except admits that the referenced memorandum exits and respectfully refers the Court to said memorandum for its actual language and full text.

146.    Denies each and every allegation set forth in paragraph 146 of the Complaint except admits that the referenced article exits and respectfully refers the Court to said article for its actual language and full text.

147.    Denies each and every allegation set forth in paragraph 147 of the Complaint.

148.    Denies each and every allegation set forth in paragraph 148 of the Complaint.

149.    Denies each and every allegation set forth in paragraph 149 of the Complaint.

150.    Denies each and every allegation set forth in paragraph 150 of the Complaint.

151.   Denies each and every allegation set forth in paragraph 151 of the Complaint.

## RESPONSE TO "FIRST CAUSE OF ACTION"

152.   With respect to the allegations set forth in paragraph 152 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 151 of this Answer with the same force and effect as though set forth here in full.

153.   The allegations set forth in paragraph 153 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx.

154.   The allegations set forth in paragraph 154 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph and denies that it violated any duty in the manufacture, marketing or distribution of the prescription medicine Vioxx.

155.   The allegations set forth in paragraph 155 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph and

denies that it violated any duty in the manufacture, marketing or distribution of the prescription medicine Vioxx.

156.    Denies each and every allegation set forth in paragraph 156 of the Complaint.

157.    Denies each and every allegation set forth in the first sentence paragraph 157 of the Complaint. The allegations set forth in the second sentence of paragraph 157 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph and denies that it violated any duty in the manufacture, marketing or distribution of the prescription medicine Vioxx.

158.    Denies each and every allegation set forth in paragraph 158 of the Complaint.

159.    Denies each and every allegation set forth in paragraph 159 of the Complaint.

160.    Denies each and every allegation set forth in paragraph 160 of the Complaint, including subparagraphs a through e.

161.    Denies each and every allegation set forth in paragraph 161 of the Complaint.

162.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 162 of the Complaint.

163.    Denies each and every allegation set forth in paragraph 163 of the Complaint.

164.   Denies each and every allegation set forth in paragraph 164 of the Complaint, except admits that plaintiffs purport to seek punitive damages, but denies there is any legal or factual basis for the relief sought.

## RESPONSE TO "SECOND CAUSE OF ACTION"

165.   With respect to the allegations set forth in paragraph 165 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 164 of this Answer with the same force and effect as though set forth here in full.

166.   Denies each and every allegation set forth in paragraph 166 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

167.   Denies each and every allegation set forth in paragraph 167 of the Complaint.

168.   Denies each and every allegation set forth in paragraph 168 of the Complaint.

169.   Denies each and every allegation set forth in paragraph 169 of the Complaint.

170.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 170 of the Complaint.

171.   Denies each and every allegation set forth in paragraph 171 of the Complaint.

172.    Denies each and every allegation set forth in paragraph 172 of the Complaint.

## RESPONSE TO "THIRD CAUSE OF ACTION"

173.    With respect to the allegations set forth in paragraph 173 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 172 of this Answer with the same force and effect as though set forth here in full.

174.    The allegations set forth in paragraph 174 of the Complaint are legal conclusions as to which no responsive is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph and denies that it violated any duty in the manufacture, marketing or distribution of the prescription medicine Vioxx.

175.    Denies each and every allegation set forth in paragraph 175 of the Complaint.

176.    Denies each and every allegation set forth in paragraph 176 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the condition in which Vioxx reached Plaintiffs.

177.    Denies each and every allegation set forth in paragraph 177 of the Complaint.

178.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 178 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx.

179.    Denies each and every allegation set forth in paragraph 179 of the Complaint.

180.    Denies each and every allegation set forth in paragraph 180 of the Complaint.

181.    Denies each and every allegation set forth in paragraph 181 of the Complaint.

## RESPONSE TO "FOURTH CAUSE OF ACTION"

182.    With respect to the allegations set forth in paragraph 182 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 181 of this Answer with the same force and effect as though set forth here in full.

183.    Denies each and every allegation set forth in paragraph 183 of the Complaint, except admits that Merck manufactured, marketed and distributed Vioxx.

184.    Denies each and every allegation set forth in paragraph 184 of the Complaint.

185.    Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations set forth in paragraph 185 of the Complaint.

186.    Denies each and every allegation set forth in paragraph 186 of the Complaint.

187.   Denies each and every allegation set forth in paragraph 187 of the Complaint.

188.   Denies each and every allegation set forth in paragraph 188 of the Complaint.

189.   Denies each and every allegation set forth in paragraph 189 of the Complaint.

190.   Denies each and every allegation set forth in paragraph 190 of the Complaint.

191.   Denies each and every allegation set forth in paragraph 191 of the Complaint.

## RESPONSE TO "FIFTH CAUSE OF ACTION"

192.   With respect to the allegations set forth in paragraph 192 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 191 of this Answer with the same force and effect as though set forth here in full.

193.   Denies each and every allegation set forth in paragraph 193 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

194.   Denies each and every allegation set forth in paragraph 194 of the Complaint except admits that Merck scientists participated in studies involving Vioxx.

195.    Denies each and every allegation set forth in paragraph 195 of the Complaint.

196.    Denies each and every allegation set forth in paragraph 196 of the Complaint.

197.    Denies each and every allegation set forth in paragraph 197 of the Complaint.

198.    Denies each and every allegation set forth in paragraph 198 of the Complaint.

199.    Denies each and every allegation set forth in paragraph 199 of the Complaint.

200.    Denies each and every allegation set forth in paragraph 200 of the Complaint.

201.    Denies each and every allegation set forth in paragraph 201 of the Complaint.

202.    Denies each and every allegation set forth in paragraph 202 of the Complaint.

## RESPONSE TO "SIXTH CAUSE OF ACTION"

203.    With respect to the allegations set forth in paragraph 203 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 202 of this Answer with the same force and effect as though set forth here in full.

204.    Denies each and every allegation set forth in paragraph 204 of the Complaint.

205.    Denies each and every allegation set forth in paragraph 205 of the Complaint.

206.    Denies each and every allegation set forth in paragraph 206 of the Complaint.

207.    Denies each and every allegation set forth in paragraph 207 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and complete text.

208.    Denies each and every allegation set forth in paragraph 208 of the Complaint.

209.    Denies each and every allegation set forth in paragraph 209 of the Complaint.

210.    Denies each and every allegation set forth in paragraph 210 of the Complaint.

211.    Denies each and every allegation set forth in paragraph 211 of the Complaint.

212.    Denies each and every allegation set forth in paragraph 212 of the Complaint.

213.    Denies each and every allegation set forth in paragraph 213 of the Complaint.

214.   Denies each and every allegation set forth in paragraph 214 of the Complaint.

215.   Denies each and every allegation set forth in paragraph 215 of the Complaint.

216.   Denies each and every allegation set forth in paragraph 216 of the Complaint.

217.   Denies each and every allegation set forth in paragraph 217 of the Complaint, including subparagraphs a through c.

218.   Denies each and every allegation set forth in paragraph 218 of the Complaint.

219.   Denies each and every allegation set forth in paragraph 219 of the Complaint.

220.   The allegations set forth in paragraph 220 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph and respectfully refers the Court to the referenced statutes for their actual language and full text.

221.   Denies each and every allegation set forth in paragraph 221 of the Complaint.

222.   Denies each and every allegation set forth in paragraph 222 of the Complaint.

## RESPONSE TO "SEVENTH CAUSE OF ACTION"

223.    With respect to the allegations set forth in paragraph 223 of the Complaint,
Merck repeats and re-alleges each and every admission, denial, averment, and statement
set forth in paragraphs 1 through 222 of this Answer with the same force and effect as
though set forth here in full.

224.    Denies each and every allegation set forth in paragraph 224 of the
Complaint, except admits that plaintiffs purport to seek restitution and other forms of
relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "EIGHTH CAUSE OF ACTION"

225.    With respect to the allegations set forth in paragraph 225 of the Complaint,
Merck repeats and re-alleges each and every admission, denial, averment, and statement
set forth in paragraphs 1 through 224 of this Answer with the same force and effect as
though set forth here in full.

226.    Denies knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations set forth in paragraph 226 of the Complaint.

227.    Denies each and every allegation set forth in paragraph 227 of the
Complaint.

## RESPONSE TO "PRAYER FOR RELIEF"

228.    Plaintiffs' "Prayer for Relief" section of the Complaint is not an allegation
of fact and therefore no responsive pleading is required.  Should a response be deemed
required, Merck denies each and every allegation set forth in the "Prayer for Relief"

section, including subparagraphs a through i, of Plaintiffs' Complaint and denies that

Plaintiffs are entitled to the relief requested.

## RESPONSE TO "JURY TRIAL DEMAND"

229.   Plaintiffs' "Jury Trial Demand" section of the Complaint is not an

allegation of fact and therefore no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE MERCK ALLEGES:

230.   Each and every claim asserted or raised in the Complaint is barred by the

applicable statutes of limitations and is otherwise untimely.

## AS FOR A SECOND
## DEFENSE MERCK ALLEGES:

231.   The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE MERCK ALLEGES:

232.   Each and every claim asserted or raised in the Complaint is barred by the

doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE MERCK ALLEGES:

233.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries or losses were caused in whole or in part

through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE MERCK ALLEGES:

234.   To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE MERCK ALLEGES:

235.   Plaintiffs' claims are barred in whole or in part by the First Amendment of the United States Constitution.

## AS FOR A SEVENTH
## DEFENSE MERCK ALLEGES:

236.   Any liability that might otherwise be imposed upon this Defendant is subject to reduction or elimination by the application of the doctrine of comparative negligence as codified at Minn. Stat. § 604.02.

## AS FOR AN EIGHTH
## DEFENSE MERCK ALLEGES:

237.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

## AS FOR A NINTH
## DEFENSE MERCK ALLEGES:

238.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of,

administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE MERCK ALLEGES:

239.   Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate their alleged damages.

## AS FOR AN ELEVENTH
## DEFENSE MERCK ALLEGES:

240.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A TWELFTH
## DEFENSE MERCK ALLEGES:

241.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

## AS FOR A THIRTEENTH
## DEFENSE MERCK ALLEGES:

242.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' preexisting and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## AS FOR A FOURTEENTH
## DEFENSE MERCK ALLEGES:

243.   To the extent that Plaintiffs' reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

## AS FOR A FIFTEENTH
## DEFENSE MERCK ALLEGES:

244.   To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A SIXTEENTH
## DEFENSE MERCK ALLEGES:

245.   To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE MERCK ALLEGES:

246.   To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR AN EIGHTEENTH
## DEFENSE MERCK ALLEGES:

247.   Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

### AS FOR A NINETEENTH
### DEFENSE MERCK ALLEGES:

248.   Plaintiffs' claims are barred, in whole, or in part, under the applicable state law because Vioxx and its labeling were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTIETH
### DEFENSE MERCK ALLEGES:

249.   To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to prescribing physicians.

### AS FOR A TWENTY-FIRST
### DEFENSE MERCK ALLEGES:

250.   Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A TWENTY-SECOND
### DEFENSE MERCK ALLEGES:

251.   To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state constitutional rights.

### AS FOR A TWENTY-THIRD
### DEFENSE MERCK ALLEGES:

252.   To the extent that Plaintiffs seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FOURTH
## DEFENSE MERCK ALLEGES:

253.    Plaintiffs' claims are barred in whole or in part under comment k to Section

402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-FIFTH
## DEFENSE MERCK ALLEGES:

254.    Plaintiffs' claims are barred in whole or in part because Merck provided

adequate "directions or warnings" as to the use of Vioxx and any other drug or

pharmaceutical preparation Plaintiffs allege to have taken within the meaning of

comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-SIXTH
## DEFENSE MERCK ALLEGES:

255.    Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement

(Third) of Torts: Products Liability.

## AS FOR A TWENTY-SEVENTH
## DEFENSE MERCK ALLEGES:

256.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides

net benefits for a class of patients" within the meaning of comment f to Section 6 of the

Restatement (Third) of Torts:  Product Liability.

## AS FOR A TWENTY-EIGHTH
## DEFENSE MERCK ALLEGES:

257.    Plaintiffs have asserted a claim in his Complaint for punitive damages in

violation of Minn. Stat. § 549.191, and said claim should therefore be stricken.

## AS FOR A TWENTY-NINTH
## DEFENSE MERCK ALLEGES:

258.    To the extent that Plaintiff assert claims based upon an alleged failure by

Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx,

such claims are barred under the learned intermediary doctrine because Merck has

discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A THIRTIETH
## DEFENSE MERCK ALLEGES:

259.    This case is more appropriately brought in a different venue as defined in

28 U.S.C. §1404(a).

## AS FOR A THIRTY-FIRST
## DEFENSE MERCK ALLEGES:

260.    This case is subject to dismissal and/or transfer to another venue pursuant

to 28 U.S.C. Sec. 1406(a).

## AS FOR A THIRTY-SECOND
## DEFENSE MERCK ALLEGES:

261.    This case is subject to dismissal or stay on the grounds of *forum non*

*conveniens*.

## AS FOR A THIRTY-THIRD
## DEFENSE MERCK ALLEGES:

262.    Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, and

Fourteenth Amendments of the Constitution of the United States, on the following

grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## AS FOR A THIRTY-FOURTH
## DEFENSE MERCK ALLEGES:

263.   Merck avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

## AS FOR A THIRTY-FIFTH
## DEFENSE MERCK ALLEGES:

264.   Merck avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

## AS FOR A THIRTY-SIXTH
## DEFENSE MERCK ALLEGES:

265.   Plaintiffs' claim against Merck for strict liability is barred on the grounds that such claims are not cognizable against Merck.

## AS FOR A THIRTY-SEVENTH
## DEFENSE MERCK ALLEGES:

266.   Plaintiffs' claims are not suitable for joinder.

## AS FOR A THIRTY-EIGHTH
## DEFENSE MERCK ALLEGES:

267.   Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A THIRTY-NINTH
## DEFENSE MERCK ALLEGES:

268.   Plaintiffs' claims for negligence per se are barred on the grounds that such

claims are not cognizable against Merck in this action.

## AS FOR A FORTIETH
## DEFENSE MERCK ALLEGES:

269.   To the extent that Plaintiffs seek punitive damages for an alleged act or

omission of Merck, no act or omission manifested a flagrant disregard of the safety of

persons who might be harmed by the product in question, as required by Ohio Revised

Code Section 2307.80.

## AS FOR A FORTY-FIRST
## DEFENSE MERCK ALLEGES:

270.   There is no private right of action for a violation of Alabama Code §§ 20-1-

26 and 20-1-27.

## AS FOR A FORTY-SECOND
## DEFENSE MERCK ALLEGES:

271.   Merck denies that its product was misbranded within the meaning of

Alabama Code §§ 20-1-26 and 20-1-27.

## AS FOR A FORTY-THIRD
## DEFENSE MERCK ALLEGES:

272.   Plaintiffs' claims are barred in whole or in part because Plaintiffs assert

their claims under laws that do not have extra-territorial application to Merck Frosst

Canadian Ltd. or its activities as alleged by Plaintiffs.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that are included in the master answer filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: February 28, 2006          HALLELAND LEWIS NILAN & JOHNSON, P.A.

By: _____
            Scott A. Smith – Reg. No. 174026
            Amanda M. Cialkowski – Reg. No. 306514
            Jan R. McLean Bernier – Reg. No. 0307853
U.S. Bank Center South, Suite 600
220 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 338-1838
Fax: (612) 338-7858

Attorneys for Defendant Merck & Co., Inc.